THE STATE v. ROANOKE RAILROAD AND LUMBER
COMPANY.

*Obstructing Highway—Railway Crossing—Indictment—
Variance—Arrest of Judgment in Supreme Court.*

1. An indictment charging a railroad company with obstructing a public road by the use of plank at a crossing, is fatally defective if it does not charge the manner of the misuse of the plank, as plank may be used for such a purpose.

2. It is a fatal variance in an indictment for obstructing a highway at a railroad crossing, to prove that the defendant permitted for some time a dangerous hole to remain in the crossing.

3. Judgment will be arrested in the Supreme Court if the indictment is defective, although no motion in arrest was made in the Court below.

CRIMINAL ACTION, tried before *Bryan, J.,* at May Term, 1891, of BEAUFORT Superior Court.

The defendant is indicted for obstructing a public road. The indictment charges that he " unlawfully and wilfully

did obstruct said public road by placing in and across it certain plank where the road of said corporation (the defendant) crossed the said public road, so that the good citizens of the State could not, nor cannot now, cross and recross over said public road with their teams, as they were accustomed to pass and repass, and so continues to impede and obstruct said road, to the common nuisance," etc.

The defendant pleaded not guilty.

On the trial but one witness was examined, and the material parts of his testimony were, that " the defendant's road crosses this public road ; the company did not have énough plank ; it was elevated eight or ten inches above the public road ; between the track of the defendant's road and the platform which sloped to the track was a hole. This hole was eight to ten inches deep from top to bottom ; it was not safe for teams. I think the elevation above the public road was eight or ten inches—might have been less. The hole was on the north side of defendant's road ; the hole was there about April or May, 1890; the plank had slipped down, leaving the hole ; the plank was well up to the railroad, when I first saw it ; the lumber road was not down there more than two or three months before I saw it ; it was there some time before there was any hole ; the hole was as much as four inches wide."

There was a verdict of guilty, and judgment for the State. The defendant, having excepted, appealed to this Court.

*The Attorney General* and *Mr. C. F. Warren,* for the State.
*Mr. J. H. Small,* for defendant.

MERRIMON, C. J. (after stating the facts): Accepting the evidence of the single witness for the State as true, there was a substantial variance between the charge as laid and the proof. The charge was the obstruction of the public road mentioned " by placing in and across it certain plank " at

the place specified. The proof was, in substance, that a dangerous hole in the crossing was permitted to be and continue for a week or two, occasioned by the slipping down of a plank from its place. The constituent facts charged were widely different in their substance and meaning from those proven. The indictment charged one offence, that proven was, in substance, as to the constituent fact, a distinct and different one. In such case, the Court should direct the jury to render a verdict of not guilty.

We are further of opinion that no offence is sufficiently charged in the indictment.

The defendant is a railroad company, and constructed its railroad across the public road specified in the indictment. This it had the right to do in such way and manner "as not to impede the passage or transportation of persons or property along the same," restoring such road so crossed "to its former state or to such state as not unnecessarily to have impaired its usefulness." *The Code,* §§ 1710, 1957, ¶¶ 5, 20, 54. In constructing such crossing, it might appropriately and reasonably use plank, timber, earth, etc., to make the same such as the statute allows and intends, and as the public ease, convenience and safety require. It might lawfully use such things in forming and securing the incline on each side of the railroad track, so as to provide an easy and safe passway across it for carriages, wagons, horses, etc.

It was not, therefore, unlawful *per se* for the defendant to use plank about the crossing in question. Hence, the indictment ought to charge appropriately the misuse or misapplication of the plank in placing it across the public road at and about the crossing in such way and manner as to constitute the offence of obstructing the public road, or that the same was allowed by the defendant to become ruinous, out of repair, and in such unlawful condition as to constitute the offence. The material facts should be charged with such fullness as to show the complete offence.

In this case the offence is not so charged. Indeed, no offence is sufficiently charged. How the plank was misused or misapplied at the crossing does not appear, nor is it charged that the defendant suffered it to become ruinous, out of repair and in such improper condition as to obstruct the public road. The Court ought, therefore, to have quashed the indictment before the defendant pleaded. Or failing to do that, it should, after verdict, have arrested the judgment. The counsel of the defendant in this Court insists that the judgment of the Court below should be reversed and judgment there arrested. We are of that opinion, and so direct. The Court seeing the whole record, including the indictment, should have entered such judgment as in law ought to have been rendered thereon. That it did not, is error. Although a motion in arrest of judgment was not made in the Court below, it may be made here, because this Court sees the whole record and takes notice of errors appearing in the record proper, though not regularly assigned in the Court below. It must appear from the record that, in some aspect of it, the judgment rendered is warranted. Here it does not appear that any offence is charged. The trial and verdict were immaterial and nugatory.

Judgment arrested.