## STATE v. BAXTER SHEMWELL.

### (Filed 17 November, 1920.)

**1. Criminal Law—Indictment—Solicitor's Signature—Motions to Quash.**

It is not necessary that a true bill found by the grand jury should have been signed by the solicitor, and a motion to quash it on that account will be denied.

**2. Criminal Law—Instructions—Assault With Intent to Kill—Self-defense.**

Where, on the trial of an assault with intent to kill, the defendant has not introduced any evidence, and there were only two witnesses for the State whose evidence was uncomplicated, tending to show that the defendant had entered the law office of the prosecuting witnesses and on account of his behavior they had ordered him out, without threats or offer of violence, whereupon he said no one could make him leave, drew two pistols, aiming at each of the prosecutors, one of them throwing a paper weight, which hit the defendant on the head, and he fired after the prosecutors had, hold of him trying to disarm him. *Held,* a charge to the jury, placing on the State the burden of showing defendant's guilt beyond a reasonable doubt, and instructing them to find a verdict of guilty of an assault with a deadly weapon should they find the facts to be as testified, is not objectionable as directing a verdict, there being no element of self-defense.

**3. Instructions—Explaining Evidence—Appeal and Error.**

Where the evidence is plain and uncomplicated, upon a trial for an assault with a deadly weapon with intent to kill, a charge of the court which is otherwise without error, is not objectionable solely because the judge did not explain the evidence to the jury.

**4. Instructions—Recapitulating Evidence—Special Requests—Appeal and Error.**

The failure of the judge to recapitulate the evidence in his charge to the jury, without a special request made in apt time to do so, is not properly assignable for error on appeal.

**5. Criminal Law—Indictments—Less Offense—Assault With Intent to Kill —Deadly Weapons.**

Upon the charge in an indictment of an assault with a deadly weapon, with intent to kill, a verdict of the less offense of an assault with a deadly weapon, is authorized by our statute, C. S., 4640.

**6. Judgments— Motions in Arrest— Concurrent Jurisdiction— Plea in Abatement.**

A motion in arrest of judgment can be made only for a defect appearing upon the face of the record, and objection that a court of concurrent jurisdiction has the case before it is only to be taken upon plea in abatement.

**7. Same—Recorder's Court—Committing Magistrate.**

Where a recorder's court and the Superior Courts have concurrent jurisdiction of a criminal offense and the judge of the former court acts within his powers of committing magistrate, and binds the prisoner over to the Superior Court, objection that the recorder's court had thereby taken jurisdiction of the offense is untenable, and neither will a motion to quash the indictment, nor a plea in abatement be sustained.

**8. Appeal and Error— Record—Stenographer's Notes — Instructions — Constitutional Law.**

A certificate by a stenographer of his notes taken on the trial of a case, set out in the record, on appeal, is no part thereof, and its variance with the judge's charge, set out in the case settled on appeal, cannot affect it, for the judge, alone, under the provisions of our Constitution, can settle the case.

APPEAL by defendant from *Ray, J.,* at August Term, 1920, of DAVIDSON.

The defendant was indicted on two counts, one for an assault with a deadly weapon upon Wade H. Phillips with intent to kill, and the other for an assault upon John C. Bower with a deadly weapon with intent to kill. Verdict of guilty, and judgment. Appeal by defendant.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*James H. Pou, J. R. McCrary, Emery E. Raper, and W. A. Self for defendant.*

CLARK, C. J. As one of the prosecuting witnesses, J. C. Bower was the solicitor for the district, the presiding judge, February Term, 1920, appointed Z. I. Walser *pro tem.* to represent the State. He failed to sign the bill, but it was acted upon by the grand jury, who returned a true bill without such signature. The defendant excepted to the court's refusal to quash the bill for such omission, and again excepted to the judge permitting Walser to sign the bill at August term, *nunc pro tunc.*

In *S. v. Mace,* 86 N. C., 670, *Ruffin, J.,* said: "The signature of the prosecuting officer, while usually attached to the indictment, forms no part of it, and is in no manner essential to its validity. The indictment is not his work, but the act of the grand jury, declared in open court, and need not be signed by any one; and if it be, it is a mere surplusage and cannot vitiate it. *S. v. Vincent,* 4 N. C., 105; *S. v. Cox,* 28 N. C., 440." Indeed, even an endorsement by the foreman of the grand jury is not essential to its validity. *S. v. Sultan,* 142 N. C., 572, 573; *S. v. Long,* 143 N. C., 676.

The court charged the jury: "Gentlemen of the jury, the law presumes the defendant to be innocent. The burden of proof is on the State to convict him beyond a reasonable doubt. The question to be passed upon by you is the credibility of the witnesses. If you believe the witnesses introduced by the State have sworn the truth beyond a reasonable doubt; have no doubt as to the truth of what they have testified; then the court instructs you to return a verdict of guilty of an assault with a deadly weapon." The defendant excepted because the

court failed to explain to the jury the evidence and the law applicable thereto, as required by statute, and also because the court stated to the defendant's counsel that there was no evidence of self-defense. We think the charge was a correct statement of the law, and sufficient upon the facts of this case. If the defendant desired a fuller charge he should have asked for it. There were only two witnesses, and the questions presented to the jury were not at all complicated. There was no evidence which would justify a claim of self-defense on the part of the defendant, and in the absence of a special request to the judge to recapitulate the evidence, his failure to do so is not assignable as error. In *S. v. Ussery,* 118 N. C., 1180, it is said: "If the prisoner desires the entire testimony, or any specific part thereof, repeated to the jury, he should make the request in apt time and before verdict. If no such instruction is asked, the failure of the court to repeat will not be a ground for a new trial." To the same purport, *S. v. Kinsauls,* 126 N. C., 1095, and other cases.

We also think the judge was correct in ruling that the evidence presented no element of self-defense. The State's evidence was that the defendant, Baxter Shemwell, went to the law office of Bower & Phillips in an angry mood, armed with two pistols. Both of these gentlemen endeavored to get him to leave without having any difficulty. When he was asked to leave he drew both pistols, pointing one at Major Phillips and one at Bower. When this was done, Bower picked up a paper fastener and threw it at the defendant, which struck him on the head, disconcerting him somewhat, whereupon Messrs. Phillips and Bower endeavored to disarm him, and the defendant fired his pistol.

The only evidence upon which the defendant claims that there was some element of self-defense is to be found in the cross-examination of Major Wade H. Phillips: "The paper fastener was on the desk by Mr. Bower. I cannot say that I did see when he first put his hands on it. I am sure that Mr. Bower did not throw until the defendant had drawn his pistol. He threw it after the pistol was out and before it went off. The pistol did not go off until we both had Mr. Shemwell, trying to disarm him. When Mr. Bower threw the paper fastener it hit the defendant glancing his left side, may have burst his hat (the hat was shown with break entirely through brim on left side, near front of bow on hat band). Defendant's head was bleeding."

Also, in the cross-examination Bower testified: "I hit him before he fired. He had the pistol presented, and was looking at me before I threw the clamp at him." And he further said: "Mr. Shemwell did not move toward the door until Mr. Phillips got up and asked him to leave. He then jumped back about two steps toward the door, and pulled out his pistols, and said: 'No man can run me out of this office.'"

The evidence of the two witnesses for the State is clear and unambiguous, and shows an assault by the defendant upon the two prosecuting witnesses in their own office with two pistols, one pointed at each of them, because they requested him to leave. The defendant did not go upon the stand nor put on any evidence. The evidence for the prosecution is that the prosecutors requested him to leave, and not until he had drawn and pointed his pistols at them did Bower throw, or offer to throw, the clamp at the defendant, and if they had not been a little quicker than the defendant after he drew his pistols, one or both of them doubtless would have been his victim. They resorted to no force in the attempt to put him out until after he had drawn and pointed his pistols at them. We fully concur with the judge that there was in the evidence no element of self-defense on the part of the defendant.

The court did not direct a verdict against the defendant, but told the jury, as a matter of law, that if they believed the evidence for the State, to find the verdict of guilty, charging them that "the law presumes the defendant to be innocent. The burden of proof is on the State to convict him beyond a reasonable doubt. . . . If you believe the witnesses introduced by the State have sworn the truth beyond a reasonable doubt, and have no doubt as to the truth as to what they testified, then return a verdict guilty of an assault with a deadly weapon." This was strictly in accordance with *S. v. Riley,* 113 N. C., 648, and authorities there cited, and the citations to that case in Anno. Ed.

The charge was for an assault with a deadly weapon with intent to kill. The verdict was for the lesser offense of an assault with a deadly weapon. This is authorized by the act of 1891, now C. S., 4640; *S. v. Matthews,* 142 N. C., 621, and cases there cited.

After verdict, the defendant moved in arrest of judgment, alleging that the recorder's court had taken jurisdiction of this case, and that it was erroneous to try the same in the Superior Court.

A motion in arrest of judgment can be made only for a defect upon the face of the record, and none appears in this case. The matters urged could have been the basis only for a plea in abatement. But passing by that defect, the plea would not have availed if it had been made. Ch. 276, Public-Local Laws 1913, establishing a recorder's court at Lexington, gave it original, exclusive jurisdiction of criminal offenses committed in the township of Lexington below the grade of felony. But ch. 299, Laws 1919, provides: "That in all cases whereby in any statute original jurisdiction of criminal actions has been taken from the Superior Courts and vested in courts of inferior jurisdiction, such exclusive jurisdiction is hereby divested, and jurisdiction of such actions shall be concurrent and exercised by the court first taking cognizance thereof."

46—180

The recorder issued the warrant against the defendant, and on its return did not bind the defendant over to his own court, but as a committing magistrate bound him over to the Superior Court, as he was fully empowered to do, and made this entry, "The defendant waives examination, and is held for Superior Court. Appearance bond, $5,000, to cover this case and warrant No. 2,894. This 21 January, 1920."

The recorder did not take cognizance of the action for his court within the meaning of the act of 1919, but clearly refused to do so, and acting solely within his powers as a committing magistrate, bound the defendant over to the Superior Court. The defendant made no objection at that time, nor at the trial in the Superior Court, and by waiving examination it would seem that he was consenting to the course adopted, but this is not material.

The Superior Court had concurrent jurisdiction of this offense, and the defendant was bound over to that court by a committing magistrate with full authority to bind over to either court, and who exercised his election to bind over to the higher court. Doubtless this was done in the public interest to avoid the delay and expense of two trials in a case of this importance.

The defendant objects that the instruction to the jury, as set out by the judge, varies from the stenographer's notes thereof. This appears only in the defendant's brief on a certificate by the stenographer, which is not a part of the record and cannot be considered as contradicting the case as settled by the judge. In *Cressler v. Asheville,* 138 N. C., 485, the Court said: "The stenographic notes will be of great weight with the judge, but are not conclusive if he has reason to believe there was error or mistake. The stenographer cannot take the place of the judge, who alone is authorized and empowered by the Constitution to try the cause, and who alone (if counsel disagree) can settle for this Court what occurred during the trial." In this case the alleged variation, if correct, would be immaterial.

After full and careful consideration of every exception, we find

No error.