### STATE v. JOHN E. ELLIS.

(Filed 20 May, 1936.)

**1. Intoxicating Liquor G d—**

Evidence establishing defendant's possession of more than a gallon of intoxicating liquor, without other incriminating evidence, is insufficient to support a directed verdict of guilty of possession of intoxicating liquor for the purpose of sale under the provisions of C. S., 3379.

**2. Criminal Law I j—Establishment of prima facie case against defendant will not alone support directed verdict of guilty.**

Evidence establishing certain facts made *prima facie* evidence of guilt under a statute is not sufficient to support a directed verdict against defendant in a prosecution for violating the statute in the absence of adminicular evidence so aiding the *prima facie* case that all the evidence, if believed, points unerringly to defendant's guilt, since, as against the *prima facie* case, the presumption of innocence stands with defendant, rendering the question of defendant's guilt beyond a reasonable doubt under the *prima facie* case a question for the jury.

**3. Appeal and Error A e—**

The constitutionality of a statute will not be determined on appeal, even when properly presented, when there is also presented some other ground upon which the appeal can be decided.

APPEAL by defendant from *Williams, J.,* at November Term, 1935, of NEW HANOVER.

Criminal prosecution, tried upon warrant charging the defendant with unlawfully "having in his possession, for the purpose of sale, a quantity of intoxicating liquor," etc., in violation of the New Hanover County Alcoholic Beverage Control Act, ch. 418, sec. 21, Public Laws 1935.

The record discloses that on 11 October, 1935, the defendant was arrested in the city of Wilmington and had in his Ford coupe at the time 12½ quarts of whiskey. There were two packages in the front of the

car; two packages in the back under the seat, and one pint in a paper sack. When the officers informed the defendant they had a search warrant for his car, he said, "You need not read it; you have got me." He also asked the officers who reported him. The defendant was alone in his car.

The defendant offered no evidence, and contended that under ch. 418, Public Laws 1935, which exempts New Hanover County from the provisions of the Turlington Act, 3 C. S., 3411 (a), *et seq.,* the possession of said liquor was not unlawful.

The court instructed the jury as follows:

"The court charges you if you find the facts to be as the evidence tends to show and beyond a reasonable doubt, if you believe the evidence, you will return in this case a verdict of guilty." Exception.

Verdict: Guilty.

Judgment: Two years upon the roads.

Defendant appeals, assigning errors.

*Attorney-General Seawell and Assistant Attorneys-General McMullan and Bruton for the State.*

*W. F. Jones for defendant.*

STACY, C. J. Conceding that C. S., 3379, is still in force in New Hanover County and applicable to all persons, firms, associations, and corporations, other than the New Hanover County Alcoholic Beverage Control Board, it is made unlawful by said section for any person to have or to keep in his possession, for the purpose of sale, any spirituous liquors, and proof of the possession of more than a gallon of such liquors, at any one time, constitutes *"prima facie* evidence of the violation of this section."

In the case of *S. v. Russell,* 164 N. C., 482, 80 S. E., 66, the trial court instructed the jury, under chs. 819 and 992, Public Laws 1907, making the possession of more than 2½ gallons of intoxicating liquors in Mecklenburg County *prima facie* evidence of its possession for the purpose of sale, as follows: "The statutory presumption in this case, to the effect that keeping or having on hand or under one's control more than 2½ gallons of intoxicating liquor shall be *prima facie* evidence of an intent to sell same contrary to law is not binding upon the jury, though the defendant does not see fit to introduce any testimony or to go on the stand as a witness for himself. The jury is still at liberty to acquit the defendant, if they find his guilt is not proved beyond a reasonable doubt." This instruction was approved and commended for its accuracy and precision, citing in support *S. v. Wilkerson,* 164 N. C., 431, 79 S. E., 888, and *S. v. Barrett,* 138 N. C., 630, 50 S. E., 506.

It is also held for law in this jurisdiction that the trial court may not direct a verdict for the prosecution in a criminal action, when there is no admission or presumption calling for explanation or reply on the part of the defendant. *S. v. Singleton,* 183 N. C., 738, 110 S. E., 846; *S. v. Hill,* 141 N. C., 769, 53 S. E., 311; *S. v. Riley,* 113 N. C., 648, 18 S. E., 168.

A *prima facie* showing carries the issue to the jury and is sufficient to warrant, but does not compel, a conviction. *S. v. Russell, supra; S. v. Wilkerson, supra; S. v. Barrett, supra; Speas v. Bank,* 188 N. C., 524, 125 S. E., 398. It is only when the *prima facie* case of the statute is adminiculated by circumstances which point unerringly to the defendant's guilt, and perforce require his conviction, if believed, that a peremptory instruction is permissible. 5 Wigmore on Evidence, sec. 2495. It was on this theory that the instructions were upheld in *S. v. Langley,* 209 N. C., 178, and *S. v. Rose,* 200 N. C., 342, 156 S. E., 916.

As against the *prima facie* case, there comes to the aid of the defendant the common-law "presumption of innocence," which goes with him throughout the trial and stands until overcome by proof or an adverse verdict. *S. v. Herring,* 201 N. C., 543, 160 S. E., 891; *S. v. Boswell,* 194 N. C., 260, 139 S. E., 374. It is only in rare instances that a verdict may be directed for the prosecution in a criminal case. *S. v. Riley, supra.*

The defendant challenges the constitutionality of the act, ch. 418, sec. 21, Public Laws 1935, under which he was charged and convicted, but it is not after the manner of appellate courts to pass upon constitutional questions, even when properly presented, if there be also present some other ground upon which the case can be decided. *In re Parker,* 209 N. C., 693.

For error in directing the verdict, a new trial must be awarded. It is so ordered.

New trial.