STATE v. J. H. JULIAN.

(Filed 14 December, 1938.)

1. **Statutes § 8—When statute does not define the act prohibited, the deficiency may not be supplied by judicial interpretation.**

Ch. 86, sec. 11, Public Laws of 1937, providing that "Any person, . . . not being duly licensed to engage in tile contracting in this State as provided for in this act, . . . shall be guilty of a misdemeanor," fails to define the acts prohibited, the doing of which should constitute a misdemeanor, and the fatal deficiency may not be supplied by judicial interpolation of words to constitute a criminal offense.

2. **Criminal Law § 56—**

When the statute under which defendant is charged fails .to define a criminal offense, defendant's motion in arrest of judgment in the Supreme Court must be allowed.

APPEAL by defendant from *Phillips, J.,* at August Term, 1938, of GUILFORD. Judgment arrested.

The defendant was charged with violation of certain provisions of chapter 86, Public Laws of 1937, creating a licensing board for tile contractors. The jury returned verdict of guilty, and from judgment in accord therewith defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Wettach for the State.*
*T. J. Gold and J. F. Flowers, amici curiæ.*
*Walser & Wright for defendant.*

DEVIN, J. The defendant entered in this Court motion in arrest of judgment, on the ground that the statute under which defendant was tried fails to set out a criminal offense. *S. v. Lumber Co.,* 109 N. C., 860, 13 S. E., 719; Rule 21.

The material portion of the statute under which the criminal charge against the defendant was laid is as follows: "Sec. 11. Any person, firm or corporation not being duly licensed to engage in tile contracting in this State as provided for in this act, . . . shall be guilty of misdemeanor."

It is apparent that the acts, the doing of which shall constitute a misdemeanor, are not set out. No criminal offense is stated.

It is contended, however, that in the interpretation of the statute, and the ascertainment of the legislative intent, words should be supplied to define the acts to be prohibited, but the court has no power to determine what acts or omissions, if any, the General Assembly intended to make

unlawful, in the absence of an expression of the legislative will in the language used. Nor was anything said in *S. v. Humphrey,* 210 N. C., 406, 186 S. E., 473, which may be held as authority for the interpolation of words to constitute a criminal offense when none is set out in the statute. The defendant cannot be held to answer a criminal charge when no certain act is made unlawful. The motion in arrest of judgment must be allowed.

This disposition of the case renders it unnecessary to consider on this record the question debated as to the constitutionality of the act and the validity of certain of its provisions. *In re Parker,* 209 N. C., 693, 184 S. E., 532; *S. v. Ellis,* 210 N. C., 166, 185 S. E., 663; *Ex parte Levitt,* 302 U. S., 633. *S. v. Lueders, ante,* 558.

Judgment arrested.