STATE v. S. L. FREEMAN, W. O. GORE, AND WILLIAM J. PRESTON.

(Filed 20 September, 1939.)

**Criminal Law § 56: Taxation § 23—Statute held not to impose tax on business of employing peddlers, and motion in arrest on warrant charging that offense is allowed.**

Even conceding that ch. 127, Public Laws of 1937, renders persons employing peddlers liable for the peddlers' tax therein imposed on their employees, defendants' motion in arrest of judgment on a warrant charging that they "engaged in the business of employing peddlers without obtaining licenses to do so" fails to charge a crime, since the statute does not require a license to "engage in the business of employing peddlers," and defendants' motion in arrest of judgment for uncertainty and failure to charge them with the commission of a crime is allowed.

APPEAL by defendants from *Cowper, Special Judge,* at February Term, 1939, of PASQUOTANK.

Criminal prosecutions, tried upon warrants charging that the defendants did, on or about 1 June, 1938, in Elizabeth City, Pasquotank County, "unlawfully, willfully, engage in the business of employing peddlers on a salary or commission basis without obtaining State and/or County and/or City license so to do."

From special verdict, pronouncements of guilty and judgments thereon, the defendants, and each of them, appeals, assigning errors.

6—216

GARRETT *v.* TRENT and TURNER *v.* TRENT.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*
*J. Henry LeRoy for defendants.*

STACY, C. J. The motions in arrest of judgment for uncertainty in the warrants and failure to charge the defendants with the commission of a crime must be allowed on authority of *S. v. Julian,* 214 N. C., 574, 200 S. E., 24; *S. v. Williams,* 210 N. C., 159, 185 S. E., 661; and *S. v. Ingle,* 214 N. C., 276, 199 S. E., 10.

Our attention has been called to no statute, county or city ordinance, requiring a license to "engage in the business of employing peddlers." Even if it be conceded, as the State contends, that under ch. 127, Public Laws 1937 (Revenue Act), any person, firm or corporation "employing the services of another as a peddler" is made liable for the peddler's tax therein imposed, it does not follow that the employer must obtain a license as well as the peddler employed. *S. v. Smith,* 211 N. C., 206, 189 S. E., 509.

Whether the defendants would be liable for failure to procure licenses for peddlers employed by them is not presented by the record.

Judgment arrested.