STATE v. E. R. JONES.

(Filed 20 December, 1940.)

1. **Criminal Law §§ 56, 78b—**

A motion in arrest of judgment for insufficiency of the indictment may be made in the Supreme Court on appeal, and it is not necessary that the question be presented by exception taken in the trial court. Rule of Practice in the Supreme Court, No. 21.

**2. Criminal Law § 56: Gaming § 3—**

   An indictment charging possession of gambling devices, but failing to charge that defendant operated the devices or had them in his possession for the purpose of being operated, is fatally defective, C. S., 4437 (b), and defendant's motion in arrest of judgment will be allowed.

APPEAL by defendant from *Harris, J.,* at March Term, 1940, of DURHAM.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*
*James R. Patton, Jr., for defendant, appellant.*

SCHENCK, J.   Although no motion to arrest judgment was lodged below, and therefore no exception addressed to such motion appears in the record, the defendant by virtue of the exception to the general rule laid down in Rule 21, Rules of Practice in the Supreme Court, 213 N. C., 821, lodges motion in this Court in arrest for the insufficiency of the indictment.   We are constrained to hold that the motion is well founded and should be allowed.

The pertinent portion of the statute under which the defendant was tried, C. S., 4437 (b), reads: "It shall be unlawful for any person, firm or corporation to operate or keep in his possession, or the possession of any other person, firm or corporation, for the purpose of being operated, any punchboard, machine for vending merchandise, or other gambling device, by whatsoever name known or called, . . ."

The affidavit upon which is based the warrant upon which the defendant was tried charges that the defendant and others "did willfully, maliciously and unlawfully have in their possession certain gambling devices known as tip boards or baseball pool, against the statute, etc."   There is no charge that the defendant operated the gambling devices, or that he kept such devices in his own or the possession of other persons for the purpose of being operated.   The omission of such charge was a fatal defect in the indictment, since an essential element of the offense created by the statute is the operation of the gambling device or the keeping in possession of such device for the purpose of being operated, the mere having in possession of gambling devices, and nothing more, is not made a criminal offense.   Where an indictment fails to charge an essential element of the offense, the defect may be taken advantage of by a motion in arrest of judgment, *S. v. Bradley,* 210 N. C., 290, and cases there cited, and such motion may be lodged in the Supreme Court.   *S. v. Julian,* 214 N. C., 574.

Judgment arrested.