## STATE v. LUCILLE HARRIS.

(Filed 3 November, 1948.)

**1. Vagrancy § 2—**

A warrant charging defendant with living in the county without visible means of support and without working, is insufficient to charge defendant with vagrancy. G.S. 14-336.

**2. Criminal Law § 56—**

Where the warrant upon which defendant is tried fails to charge a crime, defendant's motion in arrest of judgment will be allowed.

APPEAL by defendant from *Stevens, J.,* and a jury, at August Term, 1948, of the Superior Court of LENOIR County.

This case reached the Superior Court on the appeal of the defendant from the Municipal-County Recorder's Court of the City of Kinston and County of Lenoir. Trial *de novo* was had in the Superior Court on the original warrant which was issued upon a complaint alleging that the accused "lives and resides in Lenoir County without any visible means of support and without working, thereby being a vagrant . . . contrary to . . . law and against the peace and dignity of the State of North Carolina." The jury found the defendant "guilty of vagrancy as charged in the warrant," and the defendant appealed to this Court from the judgment entered upon the verdict.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*J. Frank Wooten for defendant, appellant.*

ERVIN, J. The defendant moved in arrest of judgment in this Court on the ground that the warrant fails to charge the commission of a crime. Rules of Practice in the Supreme Court, Rule 21, 221 N. C. 558; *S. v. Jones,* 218 N. C. 734, 12 S. E. (2) 292; *S. v. Ballangee,* 191 N. C. 700, 132 S. E. 795; *S. v. Marsh,* 132 N. C. 1000, 43 S. E. 828, 67 L. R. A. 179.

It is evident that the draftsman of the criminal pleading under review undertook to charge that the accused is a vagrant within the purview of G.S. 14-336. He did not, however, accomplish his purpose because the averments of the complaint do not bring the defendant within any of the seven classes of persons described in the statute. Thus, the warrant is fatally defective in substance in that it fails to charge a crime. This being true, the motion in arrest of judgment must be sustained. *S. v. Morgan,* 226 N. C. 414, 38 S. E. (2) 166; *S. v. Johnson,* 226 N. C. 266, 37 S. E. (2) 678; *S. v. Vanderlip.* 225 N. C. 610, 35 S. E. (2) 885;

*S. v. Jones, supra; S. v. Freeman*, 216 N. C. 161, 4 S. E. (2) 316; *S. v. Callett*, 211 N. C. 563, 191 S. E. 27.

Judgment arrested.