### STATE v. RUFFIN SAWYER.

(Filed 13 December, 1950.)

**1. Criminal Law § 56—**

A motion in arrest of judgment for insufficiency of the indictment or warrant may be made for the first time in the Supreme Court. Rule 21.

**2. Same—**

A motion in arrest of judgment must be based on matters appearing on the face of the record or which should appear thereon and do not, and therefore motion in arrest will not lie for a misnomer, since it can be supported only by facts *dehors* the record.

**3. Indictment and Warrant § 12—**

Objection for misnomer in the indictment or warrant must be raised by plea in abatement, and defendant waives his right to object thereto by entering a plea of not guilty and going to trial.

**4. Indictment and Warrant § 10—**

The names "Sawyer" and "Swayer" *held* to come within the rule of *idem sonans.*

**5. Same: Criminal Law § 56—**

The use of the words "the above" in the complaint in charging a criminal offense is not approved, but construing the verified complaint and the warrant subjoined together, it *is held* that the pleading sufficiently identified defendant, so as to defeat motion in arrest of judgment.

APPEAL by defendant from *Frizzelle, J.,* and a jury, at the August Term, 1950, of CUMBERLAND.

Criminal prosecution tried *de novo* on the original warrant in the Superior Court on the defendant's appeal from the Recorder's Court of the City of Fayetteville.

The verified complaint and warrant are entitled "State and City of Fayetteville *v.* Ruffin S*w*ayer." The complaint charges "the above" with these two violations of the Alcoholic Beverage Control Act of 1937: (1) The possession for sale of intoxicating liquor purchased from a county store; and (2) the sale of intoxicating liquor purchased from a county store. G.S. 18-50. The warrant, which was subjoined to the criminal complaint, addressed this order to the police of the City of Fayetteville: "For the causes stated in the affidavit, which is hereto attached and made a part hereof, you are commanded forthwith to arrest Ruffin S*w*ayer, and him have before the Recorder's Court of the City of Fayetteville on Monday the 17th day of July, 1950, to answer the above complaint and be dealt with as the law directs."

Notwithstanding his surname is S*aw*yer rather than S*w*ayer, the defendant answered the charge with a simple plea of not guilty.

The State's witness, Eugene Brown, testified that on the occasion alleged the defendant had physical custody of one pint of intoxicating liquor; that such liquor was contained in a sealed bottle bearing a county store stamp and appropriate revenue stamps; and that he bought such liquor from the defendant, and paid him $3.50 for it. The defendant denied Brown's evidence in its entirety, and asserted that he never saw Brown prior to the trial of the case in the Recorder's Court.

The jury found the defendant "guilty as charged." The court sentenced him to imprisonment, and he appealed, assigning several parts of the charge as error.

When the appeal was heard in the Supreme Court, the defendant moved in arrest of judgment. He assigned these two reasons for his motion: (1) That the criminal pleading describes him as Ruffin S*w*ayer whereas the testimony shows that his name is Ruffin S*aw*yer; and (2) that his name does not appear in the charging part of the warrant, *i.e.,*

the complaint, and by reason thereof the warrant does not describe him with sufficient certainty to identify him as the person charged with the crimes alleged.

*Attorney-General McMullan, Assistant Attorney-General Bruton, and Walter F. Brinkley, Member of the Staff, for the State.*

*Lester G. Carter, Jr., for the defendant, appellant.*

ERVIN, J. Under Rule 21, a motion in arrest of judgment for insufficiency of an indictment or warrant may be made for the first time in the Supreme Court. *S. v. Harris,* 229 N.C. 413, 50 S.E. 2d 1; *S. v. Jones,* 218 N.C. 734, 12 S.E. 2d 292; *S. v. Ballangee,* 191 N.C. 700, 132 S.E. 795; *S. v. Stephens,* 170 N.C. 745, 87 S.E. 131; *S. v. Marsh,* 132 N.C. 1000, 43 S.E. 828, 67 L.R.A. 179; *S. v. Caldwell,* 112 N.C. 854, 16 S.E. 1010; *S. v. Lumber Co.,* 109 N.C. 860, 13 S.E. 719; *S. v. Watkins,* 101 N.C. 702, 8 S.E. 346.

A motion in arrest of judgment can be based only on matters which appear on the face of the record, or on matters which should, but do not, appear on the face of the record. *S. v. Mitchem,* 188 N.C. 608, 125 S.E. 190; *S. v. Shemwell,* 180 N.C. 718, 104 S.E. 885. This being so, the objection that the defendant is given an incorrect name in the warrant is not presented by his motion in arrest, for such objection can be supported only by facts *dehors* the record.

Indeed, the defendant waived this objection by pleading not guilty and going to trial without giving the court his correct name under the rule that ordinarily an objection to the misnomer of the accused in an indictment or warrant must be raised by a plea in abatement before pleading to the merits. *S. v. Ellis,* 200 N.C. 77, 156 S.E. 157; *S. v. McCollum,* 181 N.C. 584, 107 S.E. 309; 22 C.J.S., Criminal Law, section 427. Furthermore, the names Saw-yer and Swa-yer are so nearly alike as to bring them within the rule of *idem sonans.* *S. v. Vincent,* 222 N.C. 543, 23 S.E. 2d 832; *S. v. Gibson,* 221 N.C. 252, 20 S.E. 2d 51; *S. v. Reynolds,* 212 N.C. 37, 192 S.E. 871; *S. v. Donnell,* 202 N.C. 782, 164 S.E. 352; *S. v. Hare,* 95 N.C. 682; *S. v. Patterson,* 24 N.C. 346, 38 Am. Dec. 699.

It is settled law that an indictment or warrant is fatally defective, and subject to a motion in arrest of judgment unless it describes the accused with sufficient certainty to identify him as the person charged with the crime alleged. *S. v. Finch,* 218 N.C. 511, 11 S.E. 2d 547; *S. v. McCollum, supra; S. v. Phelps,* 65 N.C. 450. The name of the defendant does not appear in the portion of the warrant which charges the violation of the Alcoholic Beverage Control Act of 1937. The charging part of the warrant, *i.e.,* the complaint, simply alleges that "the above" committed

the offenses specified. For these reasons, we find nothing to commend in the phraseology employed by the draftsman of the pleading. Nevertheless, we are constrained to hold the warrant adequate to overcome the present objection of the defendant. The complaint refers to the title of the action, and the warrant refers to the complaint. When the title, the complaint, and the warrant are considered together as parts of the same instrument and proceeding, they point out the defendant with due certainty as the person committing the offenses alleged. *S. v. Poythress,* 174 N.C. 809, 93 S.E. 919.

The trial court instructed the jury accurately on the law of the case, summed up the evidence of the witnesses correctly, and stated the contentions of the prosecution and defense fairly. As a consequence, the exceptions to the charge are untenable.

Inasmuch as the trial in the court below was free from legal error, the judgment will not be disturbed.

No error.