STATE OF NORTH CAROLINA v. EVELYN W. SHEPPARD

No. 6921SC209

(Filed 28 May 1969)

**Gambling § 2— illegal possession of gambling devices — sufficiency of evidence**

In a prosecution under G.S. 14-302 for unlawful possession of gambling devices, defendant's motion for nonsuit should be allowed where the State introduces evidence of defendant's possession of devices condemned by the statute but fails to offer evidence that such devices were in operation or that they were in defendant's possession for the purpose of being operated.

APPEAL by defendant from *Seay, J.,* at the 6 January 1969 Three-Week Criminal Session of FORSYTH Superior Court.

In a warrant issued in the Municipal Court of the City of Winston-Salem, it was alleged that on or about 6 September 1968 defendant "within the corporate limits of the City of Winston-Salem, did unlawfully and wilfully, have and keep in her possession, *for the purpose of being operated,* gambling devices, to-wit: tip boards, that do not give persons patronizing same with the use of money the same return in market value each and every time said gambling device is patronized by the paying of money or other thing for the privilege thereof, against the Statute in such cases made and provided and against the peace and dignity of the State and in violation of Section 302, Chapter 14." (Emphasis added.)

Defendant was found guilty in the municipal court and from judgment imposed therein appealed to the superior court. There she pleaded not guilty, the jury found her "guilty as charged" and from sentence imposed on the verdict, she appealed to this Court.

*Attorney General Robert Morgan and Staff Attorney Mrs. Christine Y. Denson for the State.*

*Wilson & Morrow by John F. Morrow for defendant appellant.*

BRITT, J.

Defendant assigns as error the failure of the trial court to grant her motion for judgment of nonsuit made at the close of the State's evidence, there being no evidence introduced by defendant.

Provisions of G.S. 14-302 pertinent to this appeal are as follows:

"It shall be unlawful for any person, firm or corporation to operate or keep in his possession, or the possession of any other person, firm or corporation, *for the purpose of being operated,*

any punchboard, machine for vending merchandise, or other gambling device, by whatsoever name known or called, that shall not produce for or give to the person operating, playing or patronizing same, whether personally or through another, by paying money or other thing of value for the privilege of operating, playing or patronizing same, whether through himself or another, the same return in market value, each and every time such punchboard, machine for vending merchandise, or other gambling device, by whatsoever name known or called, is operated, played or patronized by paying of money or other thing of value for the privilege thereof. * * *" (Emphasis added.)

The State's evidence tended to show the following: Police officers of the City of Winston-Salem went to defendant's home located in the city. No one was at the home when they first went there, but shortly thereafter defendant and her two small children drove up in an automobile. The officers proceeded to search the home and found seventy-four tip boards in a shipping case under a bed in one of the bedrooms of the home. At least one of the officers explained how a tip board could be used and the boards were introduced in evidence. There was no evidence that either of the boards had been used, was being used, or was possessed for purpose of "being operated."

In *State v. Jones*, 218 N.C. 734, 12 S.E. 2d 292, the Supreme Court held that an indictment under C.S. 4437(b) [now G.S. 14-302] charging possession of gambling devices, but failing to charge that defendant operated the devices or had them in his possession for the purpose of being operated, was fatally defective and defendant's motion in arrest of judgment was allowed. In the opinion we find the following:

"* * * There is no charge that the defendant operated the gambling devices, or that he kept such devices in his own or the possession of other persons for the purpose of being operated. The omission of such charge was a fatal defect in the indictment, since an essential element of the offense created by the statute is the operation of the gambling device or the keeping in possession of such device for the purpose of being operated, *the mere having in possession of gambling devices, and nothing more, is not made a criminal offense. * * *"* (Emphasis ours.)

In the case before us, the State introduced evidence of possession of devices condemned by G.S. 14-302, but the State failed to offer

evidence that said devices were in operation or that they were in defendant's possession for the purpose of being operated.

The judgment of the superior court is

Reversed.

CAMPBELL and MORRIS, JJ., concur.