## STATE OF NORTH CAROLINA v. SAFFO JACOBS

### No. 7016SC530

(Filed 21 October 1970)

**Indictment and Warrant §§ 10, 14— naming of defendant in warrant — motion to quash**

Where defendant's name did not appear in the complaint and warrant for arrest, but did appear in the caption thereof, defendant's motion to quash the warrant was properly denied.

APPEAL by the State from *May, S.J.,* 7 July 1970 Regular Criminal Session, ROBESON Superior Court.

The defendant was charged in a warrant with the unlawful possession of whiskey. Upon arraignment, but prior to pleading, the defendant moved to quash the warrant. The warrant is as follows:

WARRANT No. 70CR4787

| STATE OF NORTH CAROLINA COUNTY OF ROBESON | In The General Court of Justice—District Court Division |
|---|---|
| The State of North Carolina v. Saffo Jacobs Age ?, Race I, Sex M Address Rt. # Fairmont, N. C. | COMPLAINT FOR ARREST— POSSESSION OF NONTAXPAID LIQUOR (ALCOHOLIC BEVERAGES) |

The undersigned, R. C. Oliver being duly sworn, complains and says that at and in the county named above and on or about the 23 day of April, 1970, the defendant named above did unlawfully and wilfully have in his possession alcoholic beverages in the amount of 160 gallons, upon which the taxes imposed by the laws of the Congress of the United States and by the laws of the State of North Carolina had not been paid.

The offense charged here was committed against the peace and dignity of the State and in violation of G.S. 18-48.

R. C. OLIVER
Complainant
D. S. Robeson

Sworn to and subscribed before me this
23 day of April 1970.
CURTIS MCGIRT
Magistrate

### WARRANT FOR ARREST

To any officer with power to execute an arrest warrant for the offense described above:

It appearing from the accusations recited in the above complaint, which is made a part of this warrant, that a criminal offense has been committed, you are commanded forthwith to arrest the defendant named above and bring him before District Court at Fairmont May 11, 1970—9:30 a.m. to be dealt with according to law.

This the 23 day of April, 1970.

CURTIS MCGIRT
Magistrate

From the allowance of defendant's motion to quash the warrant, the State appealed.

*Attorney General Robert Morgan by Staff Attorney Donald M. Jacobs for the State.*

*Johnson, Hedgpeth, Biggs and Campbell by John Wishart Campbell for defendant appellee.*

VAUGHN, Judge.

The sole question presented on this appeal is properly stated by the appellant as follows:

"Whether the trial court erred when it allowed defendant's motion to quash the warrant on the grounds that the name of the defendant did not appear in the complaint for arrest or in the warrant for arrest, but appeared only in the caption or title?"

We hold that appellant's question should be answered in the affirmative. The complaint and the warrant are on a single page. The complaint refers to the title of the action. The warrant refers to the complaint. The complaint is, by reference, incorporated into the warrant. "When the title, the complaint and the warrant are considered together as parts of the same instrument and proceeding, they point out the defendant with due certainty as the person committing the offenses alleged. *S. v. Poythress,* 174 N.C. 809, 93 S.E. 919." *State v. Sawyer,* 233 N.C. 76, 62 S.E. 2d 515.

Reversed.

Judges CAMPBELL and BRITT concur.