State v. Jones

STATE OF NORTH CAROLINA v. KENNETH JONES

No. 7729SC978

(Filed 2 May 1978)

**Gambling § 2— unlawful possession of gambling devices—insufficiency of warrant**

A warrant was insufficient to charge defendant with the unlawful possession of gambling devices where it alleged only that defendant had in his possession illegal punchboards but failed to allege that defendant operated the gambling devices or that he kept the devices in his own possession or in the possession of other persons for the purpose of being operated. G.S. 14-302.

APPEAL by defendant from *Baley, Judge.* Judgment entered 10 August 1977 in Superior Court, RUTHERFORD County. Heard in the Court of Appeals 30 March 1978.

Defendant was arrested for unlawful possession of gambling devices and was tried and convicted of that offense. The State presented evidence which tended to show that on 11 December 1976, after receiving a complaint, the Sheriff of Rutherford County and two deputies entered a service station and store owned by defendant and found one Gary Bostic in charge of the business. The Sheriff asked for the punchboards, and Bostic opened a drawer and produced five of them. Two Timex watches, which one of the boards listed as the prize, were also found along with discarded boards and punches in the ditch behind the station. A warrant for the defendant was issued later that day after the punchboards had been secured. Defendant was given a six-month

term, suspended for three years, and was fined $350.00. Defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Elizabeth C. Bunting, for the State.*

*Robert W. Wolf and George R. Morrow, for defendant appellant.*

ERWIN, Judge.

The defendant assigns the following as error:

"The face of the record proper fails to present a charge upon which judgment could be rendered, in that the warrant fails to charge an offense."

Under App. R. 10(a), any party may present for review, by properly raising the issue in his brief, the questions of whether the Court had jurisdiction of the subject matter and whether a criminal charge is sufficient in law. This rule applies even when, as here, no motion was made to quash. *State v. Beaver*, 291 N.C. 137, 229 S.E. 2d 179 (1976).

Suffice it to say that here the requirements of App. R. 10(a) are satisfied. This assignment of error is properly before us, and it is sustained.

Defendant was charged under a criminal summons which reads in part as follows:

"THE UNDERSIGNED FINDS THAT THERE IS PROBABLE CAUSE TO BELIEVE that on or about the 11th day of Dec., 1976, in the county named above, you did unlawfully, willfully, Have in his possession Illegal gambling devices to wit; punchboards.

this being in violation of the following law: G.S. 14-294."

Defendant and State agree that the citation in the warrant should have been G.S. 14-302 which reads as follows:

"It shall be unlawful for any person, firm or corporation to operate or keep in his possession, or the possession of any other person, firm or corporation, for the purpose of being operated, any punchboard, machine for vending merchandise,

or other gambling device, by whatsoever name known or called, that shall not produce for or give to the person operating, playing or patronizing same, whether personally or through another, by paying money or other thing of value for the privilege of operating, playing or patronizing same, whether through himself or another, the same return in market value, each and every time such punchboard, machine for vending merchandise, or other gambling device, by whatsoever name known or called, is operated, played or patronized by paying of money or other thing of value for the privilege thereof. . . ."

The warrant does not charge that the defendant operated the gambling devices or that he kept such devices in his own or the possession of other persons for the purpose of being operated. The omission of such charge is a fatal defect in the warrant, since an essential element of the offense as provided by statute is the operation of the gambling device or the keeping of the device in his possession for the purpose of being operated. Mere possession of a gambling device is not a criminal offense. *State v. Jones*, 218 N.C. 734, 12 S.E. 2d 292 (1940); *State v. Sheppard*, 4 N.C. App. 670, 167 S.E. 2d 535 (1969).

Where, as here, the warrant fails to charge an essential element of the offense, the defect is fatal. The judgment entered below is arrested.

Judges BRITT and CLARK concur.