RUFUS SMITH, appellant, *vs.* WILLIAM H. COLBY.

Cumberland. Decided January 16, 1878.

*Trover.*

Trover lies against a person who removes a quantity of fence from the land of its owner, although such person was acting at the time under the direction of town officers and mistakenly supposed the fence to be upon the land of the town.

ON EXCEPTIONS from the superior court.

TROVER, for a fence constructed of 700 feet of pine boards of the value of $12.00, and twelve cedar posts of the value of $3.00. Plea, general issue.

Judge Symonds instructed the jury as follows:

"The plaintiff is not entitled to recover for any portion of the fence taken from the land of the town, whether there by the permission of Potter or not. As matter of law he has no right to recover for any portion of the fence built on the land of the town.

" On the other hand, if any portion of the fence taken by Colby was taken from the land of the plaintiff and carried to a distance of 100 rods and piled up on the land of the town, and if he subsequently upon demand for it refused to deliver it until directed so to do by the overseers of the poor, (and I understand in regard to these facts there is no material dispute) then there is sufficient evidence to maintain the action as to that portion of the fence that stood upon the land of the plaintiff."

Other facts are stated in the opinion.

The verdict was for the plaintiff, for $6.92 ; and the defendant alleged exceptions.

*B. Bradbury*, for the defendant.

The case is a second time before the law court on similar facts. In 1874, the rescript was. "We think this verdict (for the plaintiff) is clearly against law, on the authority of *Davis* v. *Buffum*, 51 Maine, 160, and should therefore be set aside."

Conversion must be proved. Mere demand and refusal are not enough to establish conversion. The defendant had neither actual nor constructive possession of the lumber, and could not comply with the demand. *Davis* v. *Buffum*, 51 Maine, 160, last paragraph of opinion p. 164.

*J. D. Simmons*, for the plaintiff.

The case at the former trials stood on different grounds. This is the first trial where the plaintiff made a distinction and claimed only that part of the fence which stood on his own land ; and this verdict under the charge was for that portion only.

PETERS, J. The question is, whether an action of trover is maintainable upon the following facts : The defendant was superintendent of the poor house of the town of Brunswick ; the plaintiff, being an adjoining proprietor, located a portion of his fence over upon the land of the town ; the defendant removed the fence under the direction of the selectmen of the town, carrying it some distance away, and refused, upon demand, to return it without the direction or permission of the town officers to do so ; it turned out that, in removing the fence which plaintiff had wrongfully

located over upon the poor farm, the defendant also took up and carried away a small section of fence belonging to the plaintiff and situated either on the dividing line between the plaintiff's land and the town farm or upon the plaintiff's land. For this small portion of the fence the plaintiff recovered. We think the verdict must stand.

It is true, as contended, that a person acting under the direction of another as servant or bailee might not be guilty of conversion merely by carrying articles from place to place, without any knowledge of wrong doing, supposing the articles to belong to or to be rightfully in the possession of the person from whom the same are received. It is usually a protection to such person that the chattels are received from one in possession of them, possession being deemed *prima facie* evidence that he is the owner thereof. A different rule would impose innumerable burdens and liabilities upon servants, trustees, bailees, carriers and other agents. *Burditt* v. *Hunt*, 25 Maine, 419. *Fifield* v. *Maine Central*, 62 Maine, 77, 82. Nor does a demand upon such agent, servant or bailee to deliver to the true owner, and a neglect to comply with the demand, amount to conversion, if at the time of the demand it is not within the power of such person to deliver the property. *Davis* v. *Buffum*, 51 Maine, 160; and cases *supra*.

This case, however, differs from the cases supposed. Here, the defendant with his eyes open took and carried the plaintiff's property away. He took it from the plaintiff's possession if not from his land. He knew that the controversy between the plaintiff and the town related only to fence upon the town land. Whether done through blunder or misjudgment, the taking was wrongful and its responsibility rests upon him. This act amounts to conversion, whether the property was afterwards wrongfully detained or not.

*Exceptions overruled.*

Appleton, C. J., Walton, Virgin and Libbey JJ., concurred.