MARION L. LATOUCHE v. MARY SIMPSON, TRADING AS
HACKENSACK VAN AND STORAGE COMPANY, AND
WILLIAM SIMPSON.

Submitted December 7, 1911—Decided November 18, 1913.

A common carrier held liable in an action of trover for removing
goods from the owner's premises at the direction of one who was
not the owner, upon the ground that the carrier had notice
before the removal that the goods were the property of the
plaintiff and that consequently the removal was not made in
good faith.

On appeal from Bergen County District Court.

Before Justices TRENCHARD, MINTURN and KALISCH.

For the plaintiff, *Louis A. Cowley.*

For the defendant, *Archibald C. Hart.*

The opinion of the court was delivered by

MINTURN, J. The agreed state of the case in this action
shows that the plaintiff and her husband were residing at
Maywood in Bergen county, and that with them resided Mr.
and Mrs. Armstrong and a young lady, one Bessie Gratz, and
a child, Veuelta Gratz.

While the plaintiff was upon a visit to New York City, the
defendant, a common carrier, under the direction of Arm-
strong, removed the plaintiff's household goods from the prem-
ises. During the removal of the goods, Bessie Gratz warned
the defendant that the goods were the property of the plaintiff,
and not the property of Armstrong. The latter, however,
directed the defendant to pay no attention to Miss Gratz, but
to continue the removal of the goods.

Thereafter this suit in trover was instituted in the Bergen
County District Court, by the plaintiff, to recover the value

of the goods thus taken and judgment was awarded to the defendant upon the ground that while the goods were admittedly the property of the plaintiff, still the mere physical presence of Mr. Armstrong in the plaintiff's premises at the time of the removal of the goods, invested him with such an apparent possession of the property as to protect the defendant from the legal consequences of an act, which would otherwise be undeniably tortious.

The general rule undoubtedly is that a carrier is not guilty of conversion where he in good faith takes goods from the possession of the owner by the direction of another having apparent control of the goods and the present capacity of investing himself with actual possession and delivers them to such other person in another place. *Gurley* v. *Armstead,* 148 *Mass.* 267. But the rule, it will be observed, is subject to the qualification that the carrier's possession of the property was the result of a *bona fide* act performed under the direction of one in ostensible possession and vested with apparent authority over the goods. It cannot be extended to cover the case of one whose apparent possession is disputed by another who to all appearances is equally in possession of the property and whose authority and control as in the case at bar, was equally as apparent as that of the one assuming to control the removal and disposition of the property. *Edwards* v. *Express Company,* 121 *Iowa* 744. The presence and protest of Bessie Gratz in this instance, was at least notice to the defendant of a disputed ownership, which should have served to put the defendant upon inquiry before lending himself to an act which under the proof in this case resulted in a conversion of the plaintiff's property. This fact differentiates the case at bar from those cases involving the element of good faith as the test of liability, since good faith under the circumstances upon the part of this defendant cannot be said to exist in view of the conceded fact that the ownership of the goods by Armstrong was protested before their removal. The removal of the goods by defendant, in the face of this protest and without further inquiry evincing a *bona*

*fide* effort to ascertain the truth, placed her in the category of a tort-feasor jointly with Armstrong, and liable equally with him for the conversion. *Thorp* v. *Burling,* 11 *Johns.* (*N. Y.*) 285; *Smith* v. *Colby,* 67 *Me.* 169; *Wing* v. *Milliken,* 91 *Id.* 387; *Union Stock Yard Co.* v. *Mallory Company,* 157 *Ill.* 554.

The judgment of the District Court will be reversed.