GRAND TRUNK WESTERN RAILROAD CO. v. CITY OF LANSING.

1. CARRIER—DELIVERY—SLOT MACHINES.

Upon the bill-of-lading consignee's demand for shipment of slot machines which had been made in interstate commerce and denial of validity of delivery to one who had claimed to be a representative of the consignee, it was for carrier to regain possession and make delivery to the consignee or show there had been proper delivery.

2. COMMERCE—SLOT MACHINES—INTERSTATE COMMERCE—DELIVERY.
   A shipment of slot machines made in interstate commerce remained in the course of such commerce until delivered by the carrier to the consignee.

3. GAMING—KEEPING DEVICES USED FOR GAMING—MERE POSSESSION—STATUTES—ORDINANCES.
   The prohibition of statute and ordinances as to keeping gaming devices means the keeping or maintaining of them as such and is not against the mere possession of such devices (Act No. 328, § 303, Pub. Acts 1931).

4. CARRIERS—MISDELIVERY—BURDEN OF PROVING AGENCY OF PERSON TO WHOM DELIVERY WAS MADE.
   If action were brought by a consignee against a carrier for a shipment alleged to have been misdelivered, the carrier would have burden of showing that the person to whom delivery of the shipment had been made was the proper agent of the consignee.

5. SAME—INTERSTATE COMMERCE—SLOT MACHINES—DELIVERY—BURDEN OF PROOF—SEIZURE—DUE PROCESS.
   In carrier's action of replevin against city and its chief of police who had seized slot machines from persons to whom carrier had delivered them, since carrier, under the circumstances, was obliged to admit misdelivery, defendants had burden of showing a delivery, releasing shipment of articles of interstate commerce in the original package from the rightful custody of the carrier and seizure thereof under due process of law (Act No. 328, § 303, Pub. Acts 1931).

6. SAME—REPLEVIN—REPOSSESSION OF MISDELIVERED SLOT MACHINES—BURDEN OF PROOF.
   Carrier who misdelivered shipment of slot machines it received in interstate commerce was entitled to judgment of repossession in replevin from police who had seized the shipment when found in the original packages in an old building, where defendants, city and police, had failed to establish their burden of proving a proper delivery, releasing shipment from rightful custody of the carrier and seizure thereof under due process of law (Act No. 328, § 303, Pub. Acts 1931).

Appeal from Ingham; Carr (Leland W.), J. Submitted October 12, 1939. (Docket No. 146, Calendar No. 40,728.) Decided December 20, 1939.

Replevin by Grand Trunk Western Railroad Company, a Michigan corporation, against City of Lansing, a municipal corporation, and John F. O'Brien, Chief of Police, to regain possession of a shipment of slot machines. Judgment for defendants. Plaintiff appeals. Reversed and remanded.

*Shields, Ballard, Jennings & Taber (Edward K. Ellsworth,* of counsel), for plaintiff.

*Joseph W. Planck,* for defendants.

WIEST, J.  This is an action in replevin.

A shipment of slot machines in the course of interstate commerce from Baltimore, Maryland, to a consignee at Lansing, Michigan, was carried to Lansing in part of the transit by plaintiff railroad company and delivered to one, not the bill-of-lading consignee, upon the assertion that he represented the consignee.

Upon the bill-of-lading consignee demanding the shipment, denying the validity of the delivery made, it was for the carrier to regain possession and to make delivery to the consignee or show there had been proper delivery. In order to regain possession of the shipment the railroad agents called in the help of the city police, and the shipment in the original packages was found in an old building and seized by the police as gambling devices and therefore claimed to be contraband without right of ownership under the law.

Thereupon the railroad company brought this action in replevin. The declaration was the short form. Defendants in their answer stated:

"These defendants deny that said articles are the property of the plaintiff and say that the said articles are gambling machines and that no property

rights exist with respect thereto, and further says that the said articles were seized by the police department of the city of Lansing in the exercise of its governmental function and pursuant to the intent and purpose of the penal laws of the State of Michigan and of the city of Lansing.''

Upon trial before the court without a jury the circuit judge held that:

''So far as the proofs go, however, there is nothing in the record, other than hearsay, tending to show that plaintiff was induced by fraud and deceit to make delivery to a party not authorized to receive the same. The consignee has not been a witness, nor has the party who procured the merchandise. It may be noted in passing that some testimony has been offered, purely hearsay in character, indicating that the latter acted with the knowledge and consent of the consignee.

''The actual situation is that no witness, claiming to have knowledge as to the authority of the person to whom delivery was made, has testified on the trial. As a practical proposition, fraud is not to be presumed. Rather its existence must be established by satisfactory proof. Applying this principle to the instant situation, the conclusion necessarily follows that we cannot assume that delivery was procured by fraud and deceit. The burden rests on the plaintiff here to establish its right to maintain the action, to establish, in other words, its right to the possession of the slot machines. On the record as made I am impressed that plaintiff has not sustained this burden, and hence that judgment must be rendered in favor of the defendants, without reference to other questions presented by the record.''

The shipment was in the course of interstate commerce until delivered by the carrier to the consignee. *Heyman* v. *Railway Co.*, 203 U. S. 270 (27 Sup. Ct. 104, 7 Ann. Cas. 1130).

Were the police vested with proper legal authority to seize the goods? No legal process was obtained and the right, if any, rests upon assumed warrant under statute and a city ordinance we now mention. If the seizure was without legal process or warrant then the police were trespassers. Hutchinson on Carriers (3d Ed.), § 325.

Counsel for defendants direct attention to Act No. 328, Pub. Acts 1931, chap. 44, § 303 (Stat. Ann. § 28.535), commonly known as the criminal code, and reading:

"Any person who shall for hire, gain or reward, keep or maintain a gaming room, or a gaming table, or any game of skill or chance, or partly of skill and partly of chance, used for gaming, or who shall knowingly suffer a gaming room, or gaming table, or any such game to be kept, maintained or played on any premises occupied or controlled by him, shall be guilty of a misdemeanor."

There was no warrant under this statute justifying the seizure made by the police, and the ordinance of the city, in declaring keepers of "any gaming table, wheel of fortune, cards, dice, box machines, instrument or device, for the purpose of gaming, and all persons who go about with such table, wheel of fortune, cards, dice, box machines, instrument or device, exhibiting tricks or gaming therewith," to be disorderly persons, is far beside the mark.

To keep or maintain a gaming device means keeping or maintaining it as such. The prohibition is against use in gambling and not against mere possession as in the instant case. There is no statutory mandate to seize or confiscate gaming devices wherever found. There is a penalty for keeping a gaming table for use as such.

We think the evidence established a misdelivery by the carrier. It was so claimed by the consignee,

supported by affidavit, and, had he brought suit against the carrier, the burden would be upon the carrier to show that the person to whom the shipment was delivered was the proper agent of the consignee. 1 Moore on Carriers (2d Ed.), p. 207. The carrier was not required to assume such litigation, had to admit a misdelivery, and could not well do otherwise; and the police had the burden of showing a delivery, releasing the shipment of articles of interstate commerce in the original packages, from the rightful custody of the carrier and seizure thereof under due process of law. This the defendants failed to do, and without such showing the police were trespassers and the carrier was entitled to a judgment of repossession of the shipment.

The judgment is reversed and the case remanded to the circuit court with direction to enter such judgment.

Plaintiff will recover costs.

Butzel, C. J., and Bushnell, Sharpe, Potter, Chandler, North, and McAllister, JJ., concurred.