By the Court.
 

 Section 5325, General Code, provides that “The- term ‘personal property’ * *' * includes every tangible tiling
 
 being the subject of ■ownership
 
 * * V’ (Italics ours.)
 

 Section 5328, General Code, so far as pertinent to this proceeding, reads: “All personal property located and used in business in this state * * * shall be subject to taxation, regardless of the residence of the owner thereof. * * * All property mentioned in this section shall be entered on the general tax list .and duplicate of taxable property as prescribed in this title.”
 

 Counsel for appellant maintain: “The slot machines in question are nothing but gambling devices, are not
 
 *251
 
 and cannot be, under the law of Ohio, tangible things,, the subject of ownership.”
 

 To reach that point appellant’s counsel cite Section. 13066, General Code, providing a fine and imprisonment for keeping or exhibiting a gambling device;Section 13430-1, General Code, permitting the issuance-of a search warrant for a gaming device or apparatus; and Section 13430-8, General Code, authorizing destruction of gambling devices. Then, after contending-that replevin will not lie to recover slot machines and quoting the text of 9 Ohio Jurisprudence, .339, Section 121, and 19 Ohio Jurisprudence, 904, Section 63, that unlawful contracts are unenforceable and that lower Ohio courts have held “the law throws no protection-about gambling devices and recognizes no property rights existing therein,” counsel for appellant urge-that the machines were out of appellant’s possession and he could not obtain possession of them by lawful means. Counsel finally come to a construction of “the-subject of ownership” appearing in Section 5325, General Code, and declare: “It seems to us this can only-mean legal ownership; otherwise there would be illegal and unlawful ownership, or legal ownership of unlawful or illegal things.”
 

 We do not have before us the question of keeping, exhibiting, seizing or destroying gambling devices or the right to replevin.
 

 Appellant paid $74,896.03 for the slot machines,, which were not in his continuous custody but were in private clubs located in Ohio. He and his service men had the only keys to the machines. The service men kept them in repair, opened them from time to time to-remove the money therefrom and divide it with the-clubs, and accounted to appellant for his percentage. Appellant or his agents transferred the machines from one locality to another, had them returned for repair of broken or replacement of worn, parts and sold
 
 *252
 
 some as used machines or as junk. Furthermore appellant listed the machines upon his federal tax return, taking depreciation. The foregoing is a sufficient resume of the testimony of the witnesses for appellant to establish that the slot machines were tangible things, the subject of his ownership and in his possession.
 

 “The assessment of a tax on a business will not be •enjoined merely because such business is prohibited *
 
 * 38
 
 Ohio Jurisprudence, 1215, Section 399, •citing
 
 Krinch
 
 v.
 
 McCleary,
 
 103 Ohio St., 457, 134 N. E., 462. See, also,
 
 Adler
 
 v.
 
 Whitbeck,
 
 44 Ohio St., 539, 9 N. E., 672;
 
 Conwell
 
 v.
 
 Sears, Treas.,
 
 65 Ohio St., 49, 61 N. E., 155; 118 A. L. R., 827, annotation; 4 Cooley on Taxation (4 Ed.), 3397, Section 1689.
 

 Coin operated machines used for gambling purposes have been held taxable as games under the Federal revenue law.
 
 Mills Novelty Co.
 
 v.
 
 United States,
 
 50 F. (2d), 476.
 

 The evidence in the record does not sustain the contention of appellant that the assessment is excessive •or unreasonable.
 

 The decision of the Board of Tax Appeals is reasonable and lawful and is therefore affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Turner, Williams, Matthias, Hart and Zlmmerman, JJ., concur.
 

 Bettman, J., not participating.