*207
 
 By the Court.
 

 The taxpayer challenges the right of the state of Ohio to tax gambling devices. Such right was upheld by this court in
 
 Ellery
 
 v.
 
 Evatt, Tax Commr.,
 
 140 Ohio St., 249, 42 N. E. (2d), 979. We adhere to our former view that slot machines are personal property subject to ownership and taxation, within the meaning and under Sections 5325 and 5328, G-eneral Code.
 

 The taxpayer contends that all taxpayers should receive equal benefits from the government of Ohio, by virtue of Section 2, Article I of the Constitution, which provides that “government is instituted for their equal protection and benefit,” and Section 2, Article XII, of that Constitution, which contains the limitation that “no property, taxed according to value, shall be taxed in excess of one per cent of its true value in money for all state and local purposes.” It is claimed that “the appellants’
 
 [sic\
 
 interest or ownership in slot machines in Ohio is without benefit and not recognized and for the state of Ohio to compel appellant to pay taxes without in turn granting benefits similar to the benefits granted like taxpayers is a denial of the appellants’ [sic] rights as guaranteed by the Fourteenth Amendment to the United States Constitution. ’ ’
 

 We are in accord with the following view expressed in the brief of counsel for the Tax Commissioner:
 

 “If the measure of protection given to the appellant with respect to such slot machines is less than that afforded other property owners, it is because the appellant itself has chosen to use its property in an illegal manner. It should not be permitted to secure immunity from taxation solely because of its own violations of our laws.”
 

 The taxpayer’s contentions as to benefits were answered, as follows, by the Supreme Court of the Unit
 
 *208
 
 ed States in
 
 Carmichael, Atty. Genl.,
 
 v.
 
 Southern Coal & Coke Co.,
 
 301 U. S., 495, 522, 81 L. Ed., 1245, 57 S. Ct., 868, 109 A. L. R., 1327:
 

 “A tax is not an assessment of benefits. It is, as we have said, a means of distributing the burden of tbe cost of government. The only benefit to which the taxpayer is constitutionally entitled is that derived from his enjoyment of the privileges of living in an organized society, established and safeguarded by the devotion of taxes to public purposes. See
 
 Cincinnati Soap Co.
 
 v.
 
 United States
 
 [301 U. S., 308],
 
 supra.
 
 Any other view would preclude the levying of taxes except as they are used to compensate for the burden on those who pay them, and would involve the abandonment of the most fundamental principle of government — that it exists primarily to provide for the common good. A corporation cannot object to the use of the taxes which it pays for the maintenance of schools because it has no children.
 
 Thomas
 
 v.
 
 Gay,
 
 169 U. S., 264, 280. This court has repudiated the suggestion, whenever made, that the Constitution requires the benefits derived from the expenditure of public moneys to be apportioned to the burdens of the taxpayer, or that he can resist the payment of the tax because it is not expended for purposes which are peculiarly beneficial to him.
 
 Cincinnati Soap Co.
 
 v.
 
 United States, supra; Carley & Hamilton
 
 v.
 
 Snook
 
 [281 U. S., 66],
 
 supra,
 
 72;
 
 Nashville, C. & St. L. Ry. Co.
 
 v.
 
 Wallace,
 
 288 U. S., 249, 268; see
 
 Union Refrigerator Transit Co.
 
 v.
 
 Kentucky,
 
 199 U. S., 194, 203.’’
 

 The decision of the Board of Tax Appeals is affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Zimmerman, Bell, Williams, Turner, Matthias and Hart, JJ., concur.