Hast, J.
 

 The question to be determined in this case is whether the devices in controversy, conceded to be gambling devices, can be considered as assets or property of the estate of Nathan Weisenberg, or whether, because of their character as gambling devices, they may be summarily seized and confiscated wherever found by the law-enforcing authorities.
 

 
 *154
 
 The answer to this question is furnished by the implications arising from the provisions of Section 13066, General Code, which are as follows:
 

 “Whoever
 
 keeps or exhibits for gain
 
 or to win or gain money or other property, a gambling table, or faro or keno bank, or a gambling device or machine, or keeps or exhibits a billiard table for the purpose of gambling or allows it to be so used, shall be fined not less than $50 nor more than $500 and'imprisoned not less than ten days nor more than 90 days, and shall give security in the sum of $500 for his good behavior for one year.” (Italics ours.)
 

 The chief o°f police claims that because the machines in question are gambling devices
 
 per se,
 
 there can be no property in them and that he has a right to seize and confiscate them as contraband. On the other hand, the executor claims that, under the statute, as long as a gambling device is not kept or exhibited “for gain,” it does not lose its character as property and that to hold otherwise would violate constitutional rights in private property.
 

 This court is in accord with the claim of the executor. Since the title to the property, upon the death of Weisenberg, vested in the executor and was therefore
 
 in custodia legis,
 
 there can be no presumption that the devices in question were being kept or exhibited for gain contrary to law, and, since there was no evidence to support such a claim, the property was unlawfully seized and confiscated.
 

 Although the property in question cannot be lawfully used in this state for the purpose for which it was intended, there are other jurisdictions in which it may lawfully be so used. Therefore, the executor has the right to administer it as a part of his decedent’s estate, and such property is immune from seizure and confiscation so long as it is not used in
 
 *155
 
 violation of the statute. It is not the possession of the device which gives it the quality of illegality, but only the keeping or exhibiting it for gain.
 

 The position of this court, as herein expressed, is in accord with the previous expression of the court in the case of
 
 State
 
 v.
 
 Krauss,
 
 114 Ohio St., 342, 151 N. E., 183, involving a criminal charge of violating Section 13066, General Code, in which case this court, quoting from 38 A. L. R., 73, said:
 

 “A slot machine * * * is not
 
 per se
 
 a gambling device, since it may be used or played upon for an innocent purpose, and the courts cannot, therefore, take judicial notice that every slot machine is a gambling device,
 
 as the use to ivhich it is put must determine its character. ”
 
 (Italics ours.) See 24 American Jurisprudence, 437, Section 57.
 

 This court has also previously held that such gambling devices are property and subject to ownership for taxation purposes.
 
 Ellery
 
 v.
 
 Evatt, Tax Commr.,
 
 140 Ohio St., 249, 42 N. E. (2d), 979;
 
 Capitol Novelty Co., Ltd.,
 
 v.
 
 Evatt, Tax Commr.,
 
 145 Ohio St., 205, 61 N. E. (2d), 211.
 

 There is some conflict of authority as to whether the possession of a gambling device is a criminal offense or whether to establish such offense it must be shown that the device was used or kept for gambling purposes. This conflict arises because of the difference in the language or phraseology of the statutes in the different jurisdictions.
 

 However, many courts hold, and in our view, with better reason, that under a statute making it an offense to keep or exhibit a gambling device for gain it is necessary to show not mere possession of the device but the keeping or exhibiting of it for gain as expressed by the plain language of the statute. See annotation 162 A. L. R., 1194;
 
 State
 
 v.
 
 Derry,
 
 171 Ind., 18, 85 N. E., 765;
 
 *156
 

 Edwards
 
 v.
 
 American Express Co.,
 
 121 Iowa, 744, 96 N. W., 740, 63 L. R. A., 467;
 
 Soper
 
 v.
 
 Michal,
 
 123 Md., 542, 91 A., 684;
 
 McCoy
 
 v.
 
 Zane,
 
 65 Mo., 11;
 
 Gulf, Colorado & Santa Fe Ry. Co.
 
 v.
 
 Johnson,
 
 71 Tex., 619, 9 S. W., 602, 1 L. R. A., 730;
 
 Atlas Finance Corp.
 
 v.
 
 Kenny, Atty. Genl.,
 
 68 Cal. App. (2d), 504, 157 P. (2d), 401;
 
 State
 
 v.
 
 Oswald,
 
 59 Kan., 508, 53 P., 525;
 
 Haycraft v
 
 .
 
 Commonwealth,
 
 243 Ky., 568, 49 S. W. (2d), 314;
 
 Grand Trunk Western Rd. Co.
 
 v.
 
 City of Lansing,
 
 291 Mich., 589, 289 N. W., 265;
 
 King
 
 v.
 
 McCrory,
 
 179 Miss., 162, 175 So., 193;
 
 State
 
 v.
 
 Jones,
 
 218 N. C., 734, 12 S. E. (2d), 292.
 

 The cases cited as holding to the contrary generally involve situations where the statute makes it an offense to keep a gambling device on the premises of the owner
 
 (State
 
 v.
 
 Appley,
 
 207 S. C., 284, 35 S. E. [2d], 835, 162 A. L. R., 1184), or to possess, keep, own or operate a gambling device
 
 (Hurvich
 
 v.
 
 State,
 
 230 Ala., 578, 162 So., 362), or to suffer or permit on the premises occupied by a defendant apparatus used for gaming or gambling
 
 (People
 
 v.
 
 Lippert,
 
 304 Mich., 685, 8 N. W. [2d], 880), or to possess apparatus, the possession of which is forbidden
 
 (People
 
 v.
 
 Green,
 
 362 Ill., 171, 199 N. E., 278), or to have or hold in possession or control any gambling machine, except under a proceeding to destroy it
 
 (State
 
 v.
 
 Wiley,
 
 232 Iowa, 443, 3 N. W. [2d], 620).
 

 The Supreme Court of Indiana in the case of
 
 State
 
 v.
 
 Derry, supra,
 
 in construing a statute in form almost identical with ours, very aptly said:
 

 “The ownership, possession and use of such things are not prohibited by law. Their manufacture is not forbidden. They are treated as ordinary articles of merchandise, may be stored in warehouses, exposed for sale, purchased and used in the family or hall as furniture, may be used for innocent amusement, kept
 
 *157
 
 as curiosities and used for purposes other than unlawful gaming. * # *
 

 “It is the use of such articles as a means of accomplishing unlawful acts, and not the articles themselves, that the law condemns. The statute clearly proceeds on this theory. It is provided * * * that ‘whoever
 
 keeps
 
 or exhibits for gain, or to win or gain money * # *, gambling apparatus, device, table or machine *
 
 *
 
 * for the purpose of betting or gaming, or allows the same to be used for any such purpose, shall, on conviction, be fined * * V ”
 

 The court in that ease quoted from
 
 State
 
 v.
 
 Robbins,
 
 124 Ind., 308, 8 L. R. A., 438, as follows: “ ‘In many instances property may, or may not, exist in a thing, according to the use to which it is or may be applied, or the purpose for which it is kept or exhibited.’ ”
 

 The critical words in Section 13066, General Code, which section must necessarily be considered in the determination of the instant case, are the words “keeps” and “for gain.” The word “keep” used in a similar Kentucky statute was construed by the Court of Appeals of that state in the case of
 
 Haycraft
 
 v.
 
 Commonwealth, supra.
 
 In the course of the opinion the court said:
 

 “It will be observed that the word ‘keep’ in the statute appears about midway of the phrase ‘shall set up, carry on, keep, manage, operate or conduct,’ all of the words of which, at least with the exception of ‘keep’ imply something more than mere possession. The word ‘keep’ may mean mere possession or it may mean to maintain or to attend or to conduct or to carry on. * * * The evil sought to be remedied by the statute is that of gaming, and the means employed to abolish that evil is clearly the prohibition of setting up, maintaining, and operating gambling devices whereby money or other thing may be won or lost.
 
 *158
 
 The Legislature intended that the prohibition should go to something more than mere possession, and, although it did use the word ‘keep’ in the statute, the juxtaposition of this word with the other words which imply something more than mere possession carries the conviction that the Legislature intended to use it with the meaning it has of maintaining or attending or conducting or carrying on.”
 

 Likewise, a provision in a statute forbidding the “keeping” or maintaining of a gambling device was held, in
 
 Grand Trunk Western Rd. Co.
 
 v.
 
 City of Lansing, supra,
 
 to prohibit the use of the device in gambling and not its mere possession, as where a common carrier has the possession of a slot machine for the purposes of delivery to a consignee.
 

 The judgment of the Court of Appeals is reversed and that of the Probate Court is affirmed.
 

 Judgment reversed.
 

 Zimmerman, Bell, Williams, Turner and Matthias, JJ., concur.