BECKETT ET AL., APPELLANTS, *v.* TAX COMMR. OF OHIO, APPELLEE.
(Four cases.)

[Cite as Beckett v. Tax Commr., 7 Ohio App. 2d 181.]

(Nos. 219, 220, 221 and 222—Decided December 27, 1965.)

*Mr. John J. Kelley, Jr.,* for appellants.
*Mr. William B. Saxbe,* attorney general, and *Mr. Thomas J. Moyer,* for appellee.

HOVER, J. This appeal on questions of law from a decision of the Board of Tax Appeals involves four separate appeals which were consolidated for hearing, cases Nos. 219, 220, 221 and 222 of Clinton County, for the reason that they all involve identical facts and circumstances arising out of the question of whether a certain contract is taxable as any "other taxable intangible" or "other intangible property," as those terms are used in Sections 5701.09 and 5709.02 of the Revised Code.

The cases were considered upon the transcript of the Board of Tax Appeals, which included the proceedings originally had before the Tax Commissioner, both of which bodies found the contract in question to constitute a taxable intangible.

The contract in question recites that it is a "license agreement" entered into June 21, 1949. By way of preliminary information, it recites in brief that the licensors, the appellants here, own certain patents; that the licensee desires to obtain an exclusive interest in the use thereof—this for a consideration in money and "other undertakings." The body of the contract indicates that the licensee has the exclusive right to the use of the patents and that as further consideration therefor he agrees to pay a percentage of the cost-plus profits on any sales embodying the same as a fee or royalty. The contract further provides for its revocation upon failure of the licensee to pay or upon his insolvency. The contract reserves to the licensor certain rights in the patents not involving the business of the licensee.

Under the circumstances, the case is readily distinguishable from that of *Taylor* v. *Peck, Tax Commr.*, 160 Ohio St. 288, upon which appellants rely in seeking the cancellation of the tax assessment. The Supreme Court points out in that case that the assignment of the patents, together with provisions for future deferred payments, was clearly a sale of a capital asset whereby the assignor divested himself of all right, title and interest in the patents and became entitled to future installment payments on the sale. The court notes—"By the terms of such assignments, all Taylor's right, title and interest in the patents and patents pending were sold, assigned, and transferred to the corporation to the full end of the term for which they were granted."

The court further found:

"It is the opinion of this court that the contract of 1945 here under consideration constituted an outright sale of the patents, by reason of which Taylor ceased to have any interest in them, and that the payments were necessarily the consideration for such transfer and constituted the purchase payments for the sale of capital assets, and could not be income from taxable investments."

The instant case is readily distinguishable in that this transaction obviously is not a sale. It is in substance and effect what it stated to be by title, that is, a license agreement. Under the circumstances, the rule pronounced in *Taylor* v. *Peck, Tax Commr.*, 160 Ohio St. 288, is obviously not applicable, and this court is of the opinion that the decision of the Board of Tax Appeals is neither unreasonable nor unlawful and must be affirmed.

*Decision affirmed.*

HILDEBRANT, P. J., and LONG, J., concur.