On Application for Rehearing
The opinion of September 13, 1996, is withdrawn and the following opinion is substituted therefor:
The plaintiff, Wal-Mart Stores, Inc. ("Wal-Mart"), appeals from a summary judgment entered in favor of the defendants, the City of Mobile, Mobile County, and others (collectively "Mobile"). At issue is whether computer software is intangible personal property. If it is, then Mobile is forbidden from collecting gross receipts taxes on computer software. The parties agree that Mobile has the authority to collect gross receipts taxes on sales of tangible personal property and that if computer software is tangible personal property, then it is properly included in the gross receipts calculations on which Wal-Mart is taxed.
Wal-Mart sued Mobile, seeking to enjoin it from collecting gross receipts taxes on sales of computer software by Wal-Mart. The trial court held that computer software was tangible personal property and entered a summary judgment in favor of Mobile. On appeal, Wal-Mart relies on State v. Central ComputerServs., Inc., 349 So.2d 1160 (Ala. 1977), arguing that it stands for the general proposition that computer software isintangible personal property, and, thus, cannot be included in a gross receipts tax formulation.
In many jurisdictions, early cases held that computer software was intangible property. See, e.g., South Cent. BellTel. Co. v. Barthelemy, 643 So.2d 1240, 1244-45 (La. 1994). Often, courts based their reasoning in part on "the idea that the information contained on the software[1] is the product being sold" and *Page 291 
that the choice of a tangible medium for conveying it was incidental to this fact — "that this information can be transmitted in many forms, including over the telephone."Matter of Protest of Strayer, 239 Kan. 136, 716 P.2d 588, 591
(1986).
This reasoning appears to underlie this Court's 1977 decision in Central Computer Servs., Inc., where the Court held that computer software was intangible property for purposes of a use tax on tangible personal property. The Court suggested that the buyer seeks the information, rather than the medium by which it is conveyed, and emphasized that the information is not dependent on a software-type medium to be conveyed — that it can be conveyed by several means, for example, by telephone. Also, the Court discussed then common software mediums and concluded that there was only an "incidental physical commingling of the intangible information sought . . . and the tangible magnetic tapes and punched cards themselves." Id. at 1162. Finally, the Court quoted District of Columbia v.Universal Computer Assocs., Inc. 151 U.S.App. D.C. 30,465 F.2d 615 (D.C. Cir. 1972): " 'What rests in the machine [from the software] is an intangible — "knowledge" — which can hardly be thought to be subject to a personal property tax.' " CentralComputer Servs., Inc., 349 So.2d at 1163.
Since the time of the Central Computer Servs. case, there has been a shift in the view of many courts:
 "[A]s computer software became more prevalent in society, and as courts' knowledge and understanding of computer software grew, later cases saw a shift in courts' attitudes towards the taxability of computer software, and courts began holding computer software to be tangible for sales, use and property tax purposes."
Barthelemy, 643 So.2d at 1245.
One of the changes that has occurred in this state and elsewhere, which was perhaps not reasonably to be anticipated in 1977, is the proliferation of "canned" computer software, such as is sold by stores like WalMart. As a practical matter, the marketing of such "canned" software presumes that the information sought will be conveyed by way of a tangible medium. In this sense, the merchandiser is making a sale of tangible property, like the sale of a book.
Similarly, we observe:
 "The software itself, i.e, the physical copy, is not merely a right or an idea to be comprehended by the understanding. The purchaser of the computer software neither desires nor receives mere knowledge, but rather receives a certain arrangement of matter that will make his or her computer perform a desired function. This arrangement of matter, physically recorded on some tangible medium, constitutes a corporeal body."
Barthelemy, 643 So.2d at 1246.
Based on the foregoing, we hold that the trial court properly entered the summary judgment in favor of the defendants. To the extent that Central Computer Servs. would dictate a different holding, it is overruled. However, we note that the Mobile ordinance taxing sales of computer software was adopted in 1993 and that until we issued our original opinion in this case on September 13, 1996, the ordinance conflicted with the law as it had been set out in Central Computer Servs. For this reason, we hold that our ruling in this case should have prospective application only, i.e., that Mobile cannot collect gross receipts taxes on sales of computer software that occurred before September 13, 1996.
OPINION OF SEPTEMBER 13, 1996, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; AFFIRMED.
ALMON, SHORES, COOK, and BUTTS, JJ., concur.
MADDOX, J., concurs specially.
HOOPER, C.J., dissents.
[1] In a narrow sense, "software" is synonymous with "program." "Program" has been "defined as 'a complete set of instructions that tells a computer how to do something.' " South Cent. BellTel. Co., 643 So.2d at 1246.