ANDREW JERGENS COMPANY, APPELLANT, *v.* WILKINS, TAX COMMR., APPELLEE.

[Cite as *Andrew Jergens Co. v. Wilkins,*
109 Ohio St.3d 396, 2006-Ohio-2708.]

(Nos. 2005–0501 and 2005–0502—Submitted February
8, 2006—Decided June 14, 2006.)

ALICE ROBIE RESNICK, J.

{¶ 1} Appellant, the Andrew Jergens Company, contends that its canned application software should not be taxed as tangible personal property used in business. We disagree.

{¶ 2} These consolidated cases cover the tax years 1996 through 1998, during which Jergens did not report the value of its so-called canned or off-the-shelf application software on its personal property tax return. After an audit, the Tax Commissioner assessed this software as tangible personal property used in business. Jergens filed for reassessment, but the Tax Commissioner denied Jergens's claim.

{¶ 3} Jergens appealed the Tax Commissioner's final determination to the Board of Tax Appeals ("BTA"). Based on this court's opinion in *Community Mut. Ins. Co. v. Tracy* (1995), 73 Ohio St.3d 371, 653 N.E.2d 220, the BTA affirmed the Tax Commissioner's final determination.

{¶ 4} This cause is now before the court upon an appeal as of right.

{¶ 5} R.C. 5711.02 and 5711.13 together provide that each taxpayer is to make a return annually to the county auditor or the Tax Commissioner, listing all "taxable property." The term "taxable property" is defined in R.C. 5711.01(A) to include "all the kinds of property mentioned in division (B) of section 5709.01" of the Revised Code.

{¶ 6} R.C. 5709.01(B)(1) provides, "All personal property located and used in business in this state * * * [is] subject to taxation * * *."

{¶ 7} The term "personal property" is defined in R.C. 5701.03:

{¶ 8} "As used in Title LVII of the Revised Code:

{¶ 9} "(A) 'Personal property' includes every tangible thing that is the subject of ownership, whether animate or inanimate, * * * that does not constitute real property * * *."

{¶ 10} Although that definition does not exclude intangible property, *Anderson v. Durr* (1919), 100 Ohio St. 251, 263, 126 N.E. 57, since 1931, intangible property has been listed and taxed separately, and the tax is now largely phased out. 114 Ohio Laws 714; R.C. 5709.02; R.C. Chapter 5707.

{¶ 11} There is no statutory definition of "tangible." As authority for the contention that its canned software is not tangible and not subject to listing as taxable personal property under R.C. 5709.01, Jergens relies on a decision of the Tenth District Court of Appeals, *CompuServe, Inc. v. Lindley* (1987), 41 Ohio App.3d 260, 535 N.E.2d 360.

{¶ 12} The question in *CompuServe* was whether customized software was tangible personal property subject to personal property tax (as well as sales and use tax). We use the term "customized software" to mean software that is created especially for a particular customer, as contrasted with canned software. The fact that the software in *CompuServe* was customized software is evidenced by CompuServe's statement that its software had "been created by appellant's staff and some software has been written pursuant to agreements with non-employee computer software authors." Id. at 263, 535 N.E.2d 360.

{¶ 13} We decline to look to *CompuServe* as precedent because the software under consideration here is canned software, not customized. Whether canned software and customized software should be treated the same for tax purposes is not a question before the court at this time. In *CompuServe*, the court stated, "To determine whether computer software is a tangible or an intangible item, we are guided by the treatment of computer software by other authorities." 41 Ohio App.3d at 263, 535 N.E.2d 360.

{¶ 14} However, several of the authorities relied on by the court of appeals in *CompuServe* to support that court's holding that software is intangible have been reversed, overruled, or modified. The first authority cited by the court of appeals was the Internal Revenue Service's Rev.Proc. 69–21, published in 1969. Since the announcement of that revenue procedure, however, the United States Tax Court, en banc, has declared that computer software is tangible personal property for purposes of the investment tax credit. *Norwest Corp. v. Commr. of Internal Revenue* (1997), 108 T.C. 358, 1997 WL 211303.

{¶ 15} The second authority cited by the *CompuServe* court is *State v. Cent. Computer Serv., Inc.* (Ala.1977), 349 So.2d 1160. That case was overruled by the Alabama Supreme Court in *Wal–Mart Stores, Inc. v. Mobile* (Ala.1996), 696 So.2d 290, which held that computer software was tangible personal property.

{¶ 16} The third authority listed by the *CompuServe* court was *James v. TRES Computer Sys., Inc.* (Mo.1982), 642 S.W.2d 347. However, in *Internatl. Business Machines Corp. v. Dir. of Revenue* (Mo.1989), 765 S.W.2d 611, the Missouri Supreme Court held that canned programs are tangible and subject to sales tax. The court noted that the parties in the *James* case had stipulated that the software was intangible. Id. at 613.

{¶ 17} To counter Jergens's contention, the Tax Commissioner relies on *Community Mut. Ins. Co. v. Tracy* (1995), 73 Ohio St.3d 371, 653 N.E.2d 220, a case decided by this court several years after the Tenth District decided *CompuServe*. This court in its *Community Mut. Ins. Co.* opinion did not cite or comment on the Tenth District's *CompuServe* decision. *Community Mut. Ins. Co.* was a sales tax case in which the question was whether software purchased by the taxpayer was tangible personal property or a personal service. Two separate purchases of software were at issue.

{¶ 18} For its first purchase, Community Mutual purchased magnetic tapes from Nationwide Insurance Company containing Medicare information concerning Community Mutual's subscribers. The court found that there was no personal service involved and analogized the transaction to the sale of casebooks reporting its decisions. The court stated, concerning the purchase of the magnetic tapes:

{¶ 19} "We also conclude that Community Mutual did not purchase intangible property. Virtually all books and recordings memorialize intangible efforts by the author or artist. Recording and marketing the intellectual effort render that effort more economically available to purchasers. Nevertheless, the medium on which the intellectual effort is transferred is tangible and subject to sales tax." *Community Mut. Ins. Co.*, 73 Ohio St.3d at 376, 653 N.E.2d 220.

{¶ 20} Later on in the opinion, referring to the tapes purchased from Nationwide, the court again stated, "This was the purchase of tangible personal property." Id.

{¶ 21} For its second purchase, Community Mutual purchased a license to use canned application software. The software, which was created by an outside supplier to satisfy the needs of Blue Cross/Blue Shield organizations, was licensed to Community Mutual and delivered on magnetic tape. Community Mutual contended either that it purchased a personal service and the tape was an inconsequential element of the transaction or that the software was intangible property. The court ruled in favor of the Tax Commissioner, who contended that Community Mutual's purchase of the tape was the purchase of tangible personal property. Citing its decision in *Interactive Information Sys., Inc. v. Limbach* (1985), 18 Ohio St.3d 309, 18 OBR 356, 480 N.E.2d 1124, the court stated that

"encoded magnetic tapes are tangible personal property." *Community Mut. Ins. Co.*, 73 Ohio St.3d at 378, 653 N.E.2d 220.

{¶ 22} The taxpayer in *Interactive Information Sys.* developed computer programs that it transferred to magnetic tapes for delivery to its customers. The taxpayer contended that the computers it used to develop the programs were exempt from sales and use tax because they were used in manufacturing. See former R.C. 5739.01(E)(2), 137 Ohio Laws, Part I, 1658. This court disagreed, stating:

{¶ 23} "While the [taxpayer] produces tangible personal property in the form of encoded magnetic tapes, such production is only in a very narrow sense the result of 'manufacturing' or 'processing' as those terms were defined by R.C. 5739.01(S). The [taxpayer] does not transform or convert '*material* or *things* into a different state or form' until it actually begins to encode the magnetic tape with the program that it has previously developed on its computer." (Emphasis sic; footnote omitted.) *Interactive Information Sys.*, 18 Ohio St.3d at 311, 18 OBR 356, 480 N.E.2d 1124.

{¶ 24} When a business purchases canned software it receives a tape, disc, or other medium, which contains encoded computer instructions. The instructions are recorded on a medium, often in the form of magnetic fields. To use the purchased software, the purchaser transfers the encoded instructions from the medium to his or her computer. After being transferred to the computer, the instructions are stored on the hard drive of the purchaser's computer to enable the computer to perform the desired operation. Thus, the encoded instructions are always stored on a tangible medium that has physical existence. The magnetic or other coding on a medium is in a sense a form of writing that can be copied into and physically stored in the computer and then read by the computer as instructions on how to perform a given application. Jergens's canned application software is tangible personal property subject to personal property tax for property used in business.

{¶ 25} We find the decision of the Board of Tax Appeals to be reasonable and lawful and affirm it.

Decision affirmed.

MOYER, C.J., O'CONNOR and LANZINGER, JJ., concur.

PFEIFER, LUNDBERG STRATTON and O'DONNELL, JJ., dissent.

---

**O'DONNELL, J., dissenting.**

{¶ 26} Respectfully, I dissent.

{¶ 27} While the majority carefully details the viewpoints expressed by the parties and correctly notes that the Tax Commissioner relies upon our decision in *Community Mut. Ins. Co. v. Tracy* (1995), 73 Ohio St.3d 371, 653 N.E.2d 220, and that the taxpayer, the Andrew Jergens Company, relies upon *CompuServe v. Lindley* (1987), 41 Ohio App.3d 260, 266, 535 N.E.2d 360, the majority does not address the distinction drawn in *CompuServe* by the appellate court, i.e., the difference between system software and applications software. In my view, the outcome of this case should turn on this distinction.

{¶ 28} The court in *CompuServe* explained that system software is essential to the functioning of the computer and that because it affects the value of the equipment on which it is installed, it is subject to the Ohio personal property tax. This conclusion follows from the general proposition that "intangible incidental costs which enhance the value of tangible business personal property are considered part of the true value of the business personal property for tax purposes." Id., 41 Ohio App.3d at 266, 535 N.E.2d 360. Thus, the intrinsic nature of the relationship between system software and the hardware on which it operates compels the treatment of system software as part of the equipment.

{¶ 29} On the other hand, applications software, which is at issue here, is not essential to the operation of the equipment, but permits the operator to perform individual functions pertinent to a particular task. Id., 41 Ohio App.3d at 267, 535 N.E.2d 360. Applications software has value *independent of* the hardware on which it operates. Until today, this distinction had been recognized in the field. Until this case arose, the commissioner has never before classified applications software as tangible personal property.

{¶ 30} The majority reaches its decision by emphasizing that "the encoded instructions are always stored on a tangible medium that has physical existence." With respect to applications software, however, I concur with the statement of the court in *Gilreath v. Gen. Elec. Co.* (Fla.App.2000), 751 So.2d 705, 708, that "the essence of the property is the software itself, and not the tangible medium on which the software might be stored."

{¶ 31} In this case, Jergens argues that it has a license to use intellectual property that is owned by another. This correctly characterizes a purchase of applications software. Jergens purchased the intangible information for use on its computers, and " 'the fact that tangible property is used to store or transmit the software's binary instructions does not change the character of what is fundamentally a classic form of intellectual property.' " Id. at 709, quoting *Northeast Datacom, Inc. v. Wallingford* (1989), 212 Conn. 639, 644, 563 A.2d 688. The applications software in this case does not fall into the realm of tangible personal property and should not be subject to that tax.

{¶ 32} The personal property tax applies to "[a]ll personal property located and used in business in this state." R.C. 5709.01. The Revised Code defines "personal property" to include "every tangible thing that is the subject of ownership, whether animate or inanimate * * * that does not constitute real property." R.C. 5701.03. We have applied this tax to such items as taximeters and two-way radios installed in motor vehicles, *Taxicabs of Cincinnati, Inc. v. Peck* (1954), 161 Ohio St. 508, 53 O.O. 378, 120 N.E.2d 86, and slot machines, *Capitol Novelty Co., Ltd. v. Evatt* (1945), 145 Ohio St. 205, 30 O.O. 418, 61 N.E.2d 211.

{¶ 33} In contrast, R.C. 5709.02, which describes the intangible personal property tax, provides, "All money, credits, investments, deposits, and other intangible property of persons residing in this state shall be subject to taxation * * *." The General Assembly has defined "other intangible property" to include "every valuable right, title, or interest not comprised within or expressly excluded from any of the other definitions set forth in sections 5701.01 to 5701.09" of the Revised Code. R.C. 5701.09. This definition includes, for example, items such as a patent-licensing agreement. *Beckett v. Tax Commr.* (1965), 7 Ohio App.2d 181, 36 O.O.2d 314, 219 N.E.2d 305. In *Beckett*, the parties reduced a patent-licensing agreement to written form, i.e., "a tangible medium that has physical existence." The physical existence of a written contract, however, did not render the underlying intellectual property tangible for tax purposes. The same reasoning should apply here.

{¶ 34} Based on the foregoing, applications software should not be subject to taxation as tangible personal property.

PFEIFER and LUNDBERG STRATTON, JJ., concur in the foregoing dissenting opinion.

---

Jones Day and Charles M. Steines, for appellant.

Jim Petro, Attorney General, and Barton A. Hubbard, Assistant Attorney General, for appellee.